*Court of Sessions, August Term,* 1823.

The People *vs.* James Curtis.— *Grand Larceny.*

Constructive larceny.          THE prisoner was arraigned and tried on an indictment, charging him with grand larceny of the goods of Lockwood and Co. in July 1823.

It appeared by the testimony that the prisoner came into Mr. Lockwood's clothing store, on the day laid in the indictment, and was measured for a coat, telling Mr. Lockwood, at the same time, where he lived, agreeing as to the price of making the coat, &c. The coat was to be sent to his boarding-house, in pursuance to his direction, about 8 o'clock in the evening, and was to be paid for on the receipt of it by him.

The coat was taken to the place designated by the prisoner by one of the clerks belonging to the store, under an express injunction not to leave it without payment. He went to the house, knocked at the door, and was let in by the prisoner himself, who received the coat and walked up stairs, (the young man supposed merely to try it on,) and escaped through the back part of the house. After waiting about half an hour he returned to the store. Exertions were then made by Mr. Lockwood to find the prisoner and regain his property, by search-

ing the house, but without effect. He had left an empty trunk and a few articles of no value in his room, and no person belonging to the house knew where he had gone.

He was advertised by Mr. Lockwood, and was taken in Philadelphia, and brought on to New York for trial. When arrested in Philadelphia he exhibited a receipt for the coat and alleged he had paid the clerk when the coat was delivered.

Scott and M'Ewen, for the prisoner, contended, that it did not amount to a constructive larceny, and cited 2 East C. L. p. 669. and 2 Leach, C. L. p. 703.

They argued that it appeared by the testimony that the young man left the coat with the prisoner without demanding payment. It did not appear but that it was a *sale upon credit*, no demand of money being made, or indeed, any thing said at the time ; and that it was different from Bowen's case. City Hall Rec. vol. 4. p. 46. There a demand was made, and spurious check given, and therefore no sale on a credit could have been made.

In reply, it was answered by Maxwell, District Attorney, that no time was given the young man to demand the price of the coat. The prisoner took it from him, and immediately carried it up stairs, and by fraud prevented a demand, and for a time eluded all pursuit. That it was an express understanding between the parties that the coat should be paid for on delivery, and that no part of the transaction could induce a belief (contrary to the express agreement between the parties themselves) that credit was intended to be given.

NEW YORK,        The court observed to the jury, that if they were of
opinion, from the evidence before them, that the under-
standing between the parties was, that it was a cash con-
tract—that the coat was to be paid for on delivery, the
fraudulent conduct of the prisoner to avoid a demand of
the money could not avail him, and that if the jury be-
lieved these facts, it was clearly a case of constructive
larceny.

The jury found the prisoner guilty.

*Note—If the clerk of a banker or merchant has the care of money,
or if he has access to it, for *special* and *particular purposes*, and
is sent to the bag or drawer after money for the purpose of
paying a bill, or if he is sent for the purpose of bringing money
generally out of the bag or drawer ; and at the time he brings
that money, he clandestinely and secretly takes out other
money for his own use, he is as much guilty of a felony as if
he had no permission or access to it whatsoever.   So, if a ser_
vant be sent to a library for one particular book, and he takes
another, or being sent for a hat and sword, he steals a cane ;
in all these cases it has been said the offenders are guilty of
felony, for though the property is delivered, the possession of
it remains in the true owner.   Jac. L. Dic. vol. iv. p. 75. O. B·
1784. Hawk. P. C. c. 33. § 6.

To make the crime felony, the felonious intent must exist at the *very
time* of obtaining the goods.  3 Inst.  107. Dalt 367. In Stone's
case, City Hall Rec. vol. ii. p. 158. which was as follows : the
prisoner was entrusted by Mr. Holly with the care of his
horses, and sold one of them to a Mr. Jansey, and received
the money without the owner's knowledge.   The court charg_
ed the jury that the principal question for them to decide was,

whether, *at the time* the prisoner took the horse to ride to Jan-
sey's house, he took him with an *intention of selling him*, and
converting the avails to his own use. Should the jury believe
such was his intention, it would be their duty to find him
guilty. But if, on the other hand, the jury should believe
that the intention to sell the horse commenced at a time *subse-
quent* to his acquiring the possession, he would be entitled to
an acquittal. The same principle was decided in Hisrott's
case, ibid vol. v. p. 137. and in O. Terre's case, ibid vol iii. p.
154.

In Valentine's case, City Hall Rec. vol. iv. p. 33. it was decided by his
honor, Colden, mayor, that " where it appears that a contract
is made on the sale of goods, and a credit is given, the right
of the property is changed on the delivery, and therefore an in-
dictment for larceny in stealing these goods could not be sup-
ported ; but where *goods are sold for cash,* to be paid for on de-
livery, and the prisoner by false representations, and with a
felonious intent, obtains the delivery, it is well settled that it
is a constructive felony. It is right it should be so ; for in a
moral point of view, the offence of obtaining goods by
fraud and artifice is more aggravated than obtaining them se-
cretly.

If a person having ordered a tradesman to bring goods to his house, look
out a certain quantity, ask the price of them, separate them
from the rest, and then by sending the tradesman home on
pretence of wanting other articles, take the opportunity of
running away, with the goods so looked out, with intent to
steal them, it is larceny, for there did not appear a sufficient
*delivery* to change the property, which still remained in the
tradesman. Sharpless' case, Leach, 108.

NEW YORK, And where a person came into a shop, and asked the owner to show him some linen, which was delivered into his hands, and then he ran away with it, it was held larceny ; for the subsequent act of his running away with it plainly showed his intention to take the goods feloniously.   3 Salk. 194.

If a person obtain a carriage from a tradesman, under a pretence of hiring it, and afterwards convert it to his own use, he is guilty of larceny, if the jury find he had an original intention to steal it, although the contract of hiring was for any indefinate time.   Semples' case, Leach 470.

To obtain goods by fraud from the servant of the owner, to whom they are delivered for the purpose of being carried to a customer who had purchased them, is a taking from the possession of the master ; and if so obtained, with a felonious and *pre-conceived* design to steal them, it is larceny.   Wilkins' case, Leach, 586.

A person who induces another to deliver bank notes to him by the practice of ring-dropping, on a condition that if he does not restore them in such a time, the entire value of the things supposed to be found, shall belong to the person delivering the notes, is guilty of larceny ; for although the possession is parted with on the particular condition, yet the *property* still remains with the owner.   Watson's case, Leach, 730.

To aid and assist a person to the jurors unknown, to obtain money by the practice of ring-dropping, is felony, if such aider be present at the time the money is obtained from the prosecutor, and the jury find that the prisoner was confederating with the person unknown to obtain the money by means of this practice.   Moore's case, Leach, 354.

To constitute larceny, the possession must have been acquired animo <span style="small-caps">NEW-YORK,</span> furandi. 14 Johns. Rep. 294. State v. Gorman, 2 Nott. & Mc Cord p. 90.

To aid and assist a person unknown to obtain money by the practice of ring-dropping is felony. If such aider be present when the money is obtained from the prosecutor, and the jury find a confederation with the person unknown. Moore's case, Leach, 354.

If a package be left by accident in a hackney coach, and the coachman, instead of restoring it to the owner, detain it, open it, destroy part of its contents, and borrow money on the rest, he is guilty of larceny. Wynes' case, Leach, 460.

So where a woman, on leaving a coach, desired the hackney coachman to hand a parcel to her servant, which he did not do, and the parcel was opened, and part of the goods were traced into the prisoner's possession, he, on seeing the prosecutrix again, denied all knowledge of her or the parcel. This was held larceny. Sears' case, Leach 463.

If a person hires a horse of another for a day, and rides off and immediately sells it, the delivery does not change the possession. And if he hired it with intention to steal, he is guilty of a larceny. Leach, 253. 255. Pears and Tunnard's case.

If a carrier open a pack, and take out part of the goods ; if a miller who has corn to grind, takes out part of the same, with intent to steal it, it is felony. 1 Hawk. P. C. c. 33. § 5.

NEW YORK,   A man may be guilty of larceny in taking his own property, if he pledge it, and then obtain it again fraudulently from the pawnee, in order to charge him with the value. 1 Hale, 513.   Fost. 123.   Or if he rob his servants of his goods in order to charge the hundred. Ibid. 124. So he may be accessary. Ibid.

So also where the owner delivers goods to a carrier, and afterwards steals them from him with intent to charge him for them. 3 Inst. 110. Dalt. 373.

If one to whom a wagon load of goods, consisting of several packages, is delivered to be transported from one place to another, fraudulently take a way one of the packages, such taking is a felony.   4 Mass. Rep. 580.

But a bona fide finder of an article *lost*, as a trunk containing goods lost from a stage coach, and found on the highway, is not guilty of larceny, by any subsequent act, in secreting or appropriating to his own use the goods found.   14 Johns. Rep. 294.

If a tradesman agrees to sell goods to the prisoner for ready money, and accordingly books them, and leaves them with him with a bill of parcels, and receives in payment by his servant two bills which afterwards appear to be fabricated, the prisoner is not guilty of larceny, although the tradesman never intended to give credit, and the jury find that the prisoner intended to defraud the tradesman of the goods.   Parkes' case, Leach. 703,

If a horse be agreed to be purchased, and in pursuance thereof, is delivered to the prisoner by the orders of the prosecutor, it is not larceny in the prisoner immediately to ride away with it

without paying the purchase money, for this was a *sale*, and NEW YORK, the possession as well as the property was entirely parted with. Harvey's case, Leach, 528.

An indictment cannot be grounded on a lending by the prosecutor. Long's case, Hayw. 154.

Where one intending to steal goods, gets possession of them by process of law unduly obtained, it is a felony. Kel. Rep. 43, 44.